Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3258 | **DATE** | 7/19/2002 |
| **CASE TITLE** | MC COY vs. JOHNSON    00 B 2630    00 A 1052 | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Pursuant to Memorandum Opinion and Order entered this day, the decision of the Bankruptcy Court is affirmed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JUL 22 2002 | 10 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 7/19/2002 date mailed notice | |
| courtroom JS deputy's initials | | JS mailing deputy initials | |
| | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE: | ) | **DOCKETED** |
|  | ) | JUL 2 2 2002 |
| GEORGE R. MC COY, | ) |  |
| Debtor. | ) | No. 02 C 3258 |
|  | ) |  |
| GEORGE R. MC COY, et al., | ) | (Appeal From an Order of the United States |
| Appellants, | ) | Bankruptcy Court for the Northern District |
|  | ) | of Illinois in No. 00 A 01052 |
| v. | ) | (Case No. 00 B 02630)) |
|  | ) |  |
| DONALD E. JOHNSON | ) |  |
| Appellee. | ) |  |

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

This is an appeal from a decision of the Bankruptcy Court for the Northern District of Illinois, Jack B. Schmetterer, J., In re McCoy, 274 B.R. 751 (Bankr. N.D.Ill. 2002). The Bankruptcy Court granted summary judgment in favor of Donald E. Johnson as the Chapter 7 Trustee ("Trustee") of the estate of debtor George R. McCoy, ("Debtor"). This court has jurisdiction pursuant to 28 U.S.C. § 158(a) and Federal Rules of Bankruptcy Procedure 8001 and 8002. For all the following reasons, the decision of the Bankruptcy Court is affirmed.

1

10

## I.

A.  **Facts**[1]

Debtor was married to Judith McCoy from 1944 to 1991. During the marriage, Judith McCoy was not employed, did not own a business and did not own substantial assets prior to marriage. During the years of the marriage, Debtor's occupation included estate planning. Debtor and Judith McCoy owned real estate located in the Beverly area of Chicago. This real estate was acquired with assets initially owned or controlled by Debtor. In 1976, Debtor and Judith McCoy jointly owned a cooperative apartment located at 4950 South Chicago Beach Drive in Chicago, Illinois. The mortgage and maintenance payments for the apartment derived from assets initially owned and controlled by Debtor.

Ultimately Debtor transferred all of his interests in real estate and property to Judith McCoy on March 14, 1980. Judith McCoy signed her last will and testament before witnesses on April 19, 1989. Judith McCoy died on January 10, 1991. Judith McCoy's will created a trust ("Family Trust") naming Debtor, Marion Leslie McCoy, Robert Stewart McCoy, and Lara McCoy as beneficiaries. The will also named Debtor the trustee of the Family Trust and designated Debtor as the executor for her will. The relevant portions of Judith McCoy's will which established the Family Trust provides:

ARTICLE IV
Trust Dispositive Provisions

2. The Family Trust shall be held, administered and distributed in accordance with the following provisions:

---

[1] The following facts are taken from the Bankruptcy Court's Memorandum Opinion and Order of March 12, 2002.

(a) The trustee shall pay all the net income of the Family Trust to my spouse in convenient installments at least as often as quarter-annually during his life.

(b) The trustee may in its discretion pay to my spouse, or for his benefit, so much or all of the principal of the Family Trust as the trustee from time to time determines to be required or desirable for his health, maintenance and support. The Trustee need not consider the interests of any other beneficiary in making distributions to my spouse or for his benefit. Although my primary concern is for my spouse's health, maintenance and support, the trustee may in its discretion during the life of my spouse pay to, or use for the benefit of, one or more of my descendants to the exclusion of one or more of them so much of the principal of the Family Trust as the trustee from time to time determines to be required for their health, education, maintenance and support.

(c) Upon the death of my spouse after my death, or upon my death if my spouse does not survive me, the trustee shall divide the Family Trust, as then constituted, into separate shares, as follows:

    (i) 37.5% for my son, ROBERT, if then living;
    (ii) 37.5% for my daughter, MARION, if then living;
    (iii) 37.5% for my granddaughter LARA GWIN McCoy, if then living.

B. **Bankruptcy Proceedings**

On January 28, 2000, Debtor filed a voluntary petition for relief under Chapter 7 of the U.S. Bankruptcy Code. Trustee filed an adversary proceeding against the Debtor both individually and in his capacity as trustee for the Family Trust pursuant to 11 U.S.C. § 541(a) seeking an accounting of the Family Trust and seeking the value and assets of the Family Trust be considered part of Debtor's bankruptcy estate. The Bankruptcy Court granted Trustee's motion for summary judgment holding that the Family Trust was an invalid spendthrift trust, and thus property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a) and ordered an accounting of the Family Trust assets and income pursuant to 11 U.S.C. § 541(a)(5)(A) and § 542(a).

II.

A.

On appeal, a district court reviews the factual findings of the Bankruptcy Court under a "clearly erroneous" standard, but reviews conclusions of law de novo. Meyer v. Rigdon, 36 F.3d

3

1375, 1378 (7th Cir. 1994); In re Roberson, 999 F.2d 1132, 1134 (7th Cir. 1993). A grant of summary judgment is a conclusion of law and the district court "will uphold the entry of summary judgment 'if there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law.'" Indiana Ass'n of Homes for the Aging Inc. v. Indiana Office of Medicaid Policy & Planning, 60 F.3d 262, 265-66 (7th Cir. 1995) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)). A party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553 (1986). Under the standard for summary judgment, there is no issue for trial "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, 477 U.S. at 249, 106 S. Ct. at 2511. In reviewing the grant of summary judgment, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in the nonmovant's favor. Anderson, 477 U.S. at 255, 106 S. Ct. at 2513.

In reviewing the facts relied upon by the Bankruptcy Court granting summary judgment, this court will accept the factual determinations of the Bankruptcy Court unless those determinations are either completely devoid of minimum evidentiary support displaying some hue of credibility or they bear no rational relationship to the supportive evidentiary data. See United States v. Greer, 53 F.3d 334 (7th Cir. 1995) (citing Krasnov v. Dinan, 465 F.2d 1298, 1302 (3rd Cir.1972)). Summary judgment may be affirmed on any ground supported in the record, even if it was not relied upon by the court below. Johnson v. Gudmundsson, 35 F.3d 1104, 1115 (7th Cir. 1994).

B.

It is undisputed that the ultimate issue before this court on appeal is whether the anti-alienation

4

clause in the Family Trust is valid and enforceable under Illinois law. Pursuant to 11 U.S.C. §541(a)(1) when a bankruptcy case is commenced, an estate is created to accept all legal and equitable property interests of the debtor wherever located and by whomever held, subject to limited exceptions, including 11 U.S.C. §541(c)(2). Section 541(c)(2) excludes property from the bankruptcy estate within a valid spendthrift trust. When, as in this case, a bankruptcy debtor is a beneficiary of a trust containing a spendthrift or anti-alienation provision, whether that debtor's interest in that trust is property of the bankruptcy estate turns on whether the spendthrift or anti-alienation provision is enforceable under applicable law, In re Goldberg, 98 B.R. 353, 357-8 (Bankr. N.D.Ill.1989)(holding that valid spendthrift trusts are excluded from the debtor's bankruptcy estate). In this case, Illinois law is the applicable law.

1.

Under Illinois law, no special language is required to create a spendthrift trust, therefore, a trust containing an anti-alienation or spendthrift provisions does not automatically qualify as spendthrift trust. In re Balay, 113 B.R. 429, 438 (Bankr. N.D.Ill.1990). Accordingly, when confronted with a spendthrift provision in a trust, a court must make a determination of whether the trust to qualifies as a valid spendthrift trust. In re Balay, 113 B.R. at 438; In re Rolfe, 34 B.R. 159, 161 (Bankr. N.D.Ill.1983); accord In re McCullough, 259 B.R. 509, 517 (Bankr. R.I. 2001). The criteria for determining whether a valid spendthrift trust exists is set forth in Matter of Perkins, 902 F.2d 1254, 1257 (7th Cir.1990) which provides:

> To determine whether a trust qualifies as a spendthrift trust under Illinois law, courts examine the following characteristics: (1) whether the trust restricts the beneficiary's ability to alienate and the beneficiary's creditors' ability to attach the trust corpus; (2) whether the beneficiary settled and retained the right to revoke the trust; and (3) whether the beneficiary has exclusive and effective dominion and control over the trust corpus, distribution of the trust corpus and termination of the trust.

5

In this case, it is undisputed that the Family Trust contained an anti-alienation clause. The Bankruptcy Court applying the criteria set forth in Perkins granted summary judgment in favor of Trustee holding that there was sufficient evidence in the record such that when all justifiable inferences were taken in favor of Debtor there existed no genuine issue of material fact that Debtor, as the trustee and a beneficiary of the Family Trust, had unregulated dominion and control over the corpus of the Family Trust. In re McCoy, 274 B.R. at 762.

Construing a trust, similar to construing a will is a question of law. Harris Trust and Sav. Bank v. Donovan, 145 Ill.2d 166, 172, 582 N.E.2d 120 (Ill.1991). The first purpose in construing a trust is to discover the settlor's intent from the trust as a whole, which the court will effectuate if it is not contrary to public policy. Id. (citations omitted). The intention of the settlor is to be ascertained by examining the entire trust and by giving to the words employed their plain and ordinary meaning. Id. If possible, the court should construe the will or trust so that no language used by the testator is treated as surplusage or rendered void or insignificant. Id. Every word, phrase and clause in the trust should be given effect, if possible, and where one construction of a will would render a portion of it meaningless and another construction would give effect to all provisions and all language, the construction giving effect to the latter construction will be adopted. Id.

Accordingly, upon review of the record, the Bankruptcy Court correctly held that when all clauses of the Family Trust are given effect, the only reasonable interpretation of the instrument as a whole is that Judith McCoy intended Debtor to have complete dominion and control over the corpus. Judith McCoy, in her will, created different discretionary standards for Debtor to follow in determining when to invade the corpus of the Family Trust to make payments to the beneficiaries.

6

Under one discretionary standard, Debtor is permitted to invade the corpus and make payments for health, maintenance, and support as "required or desirable" for himself as primary life beneficiary without regard to "the interests of any other beneficiary." Under the second standard, Debtor "may in his discretion" pay out as "required" for the health, education, maintenance, and support of other beneficiaries. In light of the difference between the discretionary standard granted to the trustee for the different classes of beneficiaries, it is clear that Judith McCoy's intent was to confer an unfettered discretion upon Debtor's power to invade the corpus for payments to himself.

2.

Appellant argues that in granting Trustee's motion for summary judgment the Bankruptcy Court erred: (1) in finding Debtor to have unfettered dominion and control over the corpus of the Family Trust; (2) in finding Debtor bound by no ascertainable standard under the terms of the Family Trust to limit his disposal of the trust corpus; and (3) in failing to find by virtue of there being other beneficiaries of the Family Trust in addition to himself, Debtor, as trustee, owed a fiduciary duty to the other beneficiaries to limit the distribution of the corpus to himself to that which was reasonable for his health, maintenance and support. This court finds each of these arguments to be without merit.

a.

In arguing that the Bankruptcy Court erred in finding the Debtor to have unfettered dominion and control over the corpus of the Family Trust, appellant relies on the text of the will and trust which provides:

> The trustee may in its discretion pay to my spouse, or for his benefit, so much or all of the principal of the Family Trust as the trustee from time to time determines to be required or desirable for his health, maintenance and support. (Family Trust Art. IV, ¶ 2(b)).

From this passage of the Family Trust, appellant argues that the phrase "as the trustee from time to

7

time determines to be required or desirable for his health, maintenance and support" somehow limits Debtor's dominion and control over the corpus of the Family Trust. This proposition leaves unresolved the follow questions: what amount of control over the Family Trust is remaining and how much limitation is left after the Debtor has made his determination, free from review, as the trustee of the Family Trust, what is "desirable" for his health, maintenance and support?

First, to be clear, it is undisputed that the Debtor is the same person as the person referred to in the Family Trust as "the trustee" and "my spouse." With that in mind, in looking at the language of the Family Trust, Debtor is the only income beneficiary of the Trust and the terms of the Family Trust require Debtor to make installment payments of the net income of the Family Trust to himself at least quarter-annually. In addition, Debtor, by his exclusive determination, could not only withdraw from the corpus of the Family Trust what was "required" for his health, maintenance and support, but also could withdraw from the corpus of the Family Trust what was "desirable" for his health maintenance and support, with Debtor and Debtor alone left to determine what is required and what is desirable. Upon review of the plain language of the will and trust, there is absolutely no question that Debtor held unfettered control and dominion over the corpus of the Family Trust.

Appellant argues, nevertheless, both here and previously before the Bankruptcy Court that the word "desirable" is limited to the Debtor's "health, support and maintenance," and that his discretionary right to take from the corpus is not unfettered, but is restricted to what is reasonably related to payments for his health, maintenance, and support. The words "reasonable related" are not found anywhere in the text of the Family Trust. So appellant's argument that Debtor's dominion is somehow fettered to that which is reasonably related to his health, maintenance and support is unsupported by the factual record and was properly rejected by the Bankruptcy Court. Furthermore,

8

appellant has failed supply sufficient evidence in the record to create a genuine issue of material fact that although the word "desirable" is limited to the Debtor's "health, support and maintenance," that Debtor's determination of what is required or desirable for the Debtor's health or support or maintenance is somehow limited. In other words, where the Debtor could not withdraw from the corpus of the Family Trust for things that were desirable for his comfort or opulence, there is nothing in the Family Trust to prevent Debtor, as trustee of the Family Trust, from making a determination that any particular sumptuous luxury or indulgence is required or desirable for his health maintenance or support and thereby withdraw from the corpus of the Family Trust accordingly. Based on this court's interpretation of the Family Trust, this court finds that the Bankruptcy Court was correct in holding that the term "desirable" as it is used in the Family Trust does not constitute a sufficient restraint on Debtor to validate the anti-alienation clause in the Family Trust. In re McCoy, 274 B.R. at 764 (relying on Rock Island Bank & Trust Co. v. Rhoads, 353 Ill. 131, 187 N.E. 139, 144 (Ill. 1933) for the proposition that a provision which gives a beneficiary unlimited discretion to disposed of the corpus curtailed only by what the beneficiary deems appropriate does not constitute a sufficient restraint on a beneficial interest to prevent the beneficiary to receive the corpus).

b.

Appellant also argues the anti-alienation clause is valid because the Debtor is bound by an ascertainable standard under the terms of the Family Trust to limit his disposal of the trust corpus to that which would permit him to maintain the station of life to which he had become accustomed. Appellant continues on this protracted and circuitous argument citing Rock Island and equating the word "comfort" from the Rock Island case to the word "desirable," in this case concluding that the word "desirable" as it appears in the text of the Family Trust limits the power of the Debtor because

9

the Debtor cannot take so much of the corpus as he determines to be desirable in life, but instead, merely what he determines to be desirable for his health, maintenance and support.

In Rock Island, the testator granted a life estate to his widow adding a provision granting her as life tenant "'with full authority to use and dispose of so much of the same as may in her judgment be necessary for her comfort and satisfaction in life.'" Rock Island, 187 N.E. at 141-142. The Illinois Supreme Court held that this provision gave the life tenant "unlimited discretion to disposed of the corpus" curtailed only by what she deems within "contentment, gratification." Id. The Illinois Supreme Court explained that the word 'comfort' must be construed as relating to her support and ease, whereas the word 'satisfaction' must be construed as intending more than support and comfort. The court further explained that had the clause only provided for her comfort, then the clause would have been a limitation on her power to disposal of the corpus. Since, however, the clause provided for her comfort and satisfaction, the court ruled that the clause provided her unlimited discretion to dispose of the corpus as she shall determined necessary. Rock Island, 353 Ill. 131, 141-142 (Ill.1933).

In this case, the limitation "health, maintenance, and support" of the Family Trust is analogous to the word "comfort" in Rock Island, and the word "desirable" in this case is analogous to the word "satisfaction" in Rock Island because within the portion of the Family Trust at issue, Debtor has complete unfettered discretion to determine: (1) what is required for the Debtor's health, maintenance and support; (2) what is desirable for the Debtor's health, maintenance and support.; and (3) what constitutes health, maintenance and support. The text of the Family Trust expressly gives complete discretion immune from review to the Debtor to pay himself that what he determines he desires to maintain what he determines is his particular station in life is and for what he determines what he is accustom. Accordingly, the Bankruptcy Court was correct when it held that the Debtor is bound by

10

no ascertainable standard according to the terms of the Family Trust to limit his disposition of the Trust corpus.

Appellant argues, however, that the limitation "health, maintenance and support" means for the purpose of maintaining himself in the station of life to which he had become accustomed. The text of the Family Trust, however, is silent as to what the limitation health, maintenance and support encompasses. Instead, the text of the Family Trust leaves it to the trustee to determine not only what is required and what is desirable, but also what encompasses his health, maintenance and support.

c.

Finally, appellant argues that the Debtor as trustee owed a fiduciary duty to the other beneficiaries which works to limit the distribution of the corpus to himself to that which is reasonable for his health, maintenance and support. The text creating the Family Trust, however, belies this argument. The relevant text reads as follows: "The Trustee need not consider the interests of any other beneficiary in making distributions to my spouse for his benefit." (Family Trust Art. IV, ¶ 2(b)) and also reads:

> (c) Upon the death of my spouse after my death, or upon my death if my spouse does not survive me, the trustee shall divide the Family Trust, as then constituted, into separate shares, as follows:
> (i) 37.5% for my son, ROBERT, if then living;
> (ii) 37.5% for my daughter, MARION, if then living;
> (iii) 37.5% for my granddaughter LARA GWIN McCoy, if then living. (Family Trust Art. IV, ¶ 2(c))

The law imposes on trustees a high standard of loyalty and care encapsulated in the term "fiduciary duty." Matter of Marchiando, 13 F.3d 1111, 1115 (7th Cir. 1994). The Debtor, as trustee, owed a fiduciary duty to Robert McCoy, Marion McCoy and Lara Gwin McCoy. In re Estate of Halas, 209 Ill.App.3d 333, 344, 568 N.E.2d 170 (1st Dist 1991)(citations omitted). Accordingly, the

11

Debtor was obligated to carry out the trust according to its terms and to act with the highest degree of fidelity and utmost good faith excluding all self-interest, prohibited from dealing with the trust property for his individual benefit. Id. This rule is not, however, without exception. It is well established that a trustee may occupy conflicting positions in handling the trust where the trust instrument contemplates, creates, or sanctions the conflict of interest. Id.

In this case, Debtor occupies conflicting positions in handling the trust because the trust instrument contemplates, creates, and sanctions the conflict of interest. Debtor's fiduciary duty, therefore, is limited by the trust instrument itself. In looking at the Family Trust, the text is tailored to teach that the Debtor, as trustee, can completely dispose of the corpus of the trust without regard to Robert McCoy, Marion McCoy and Lara Gwin McCoy. The text is also tailored to teach that Robert McCoy, Marion McCoy and Lara Gwin McCoy can only receive anything from the trust if Debtor determines in his discretion at a time he chooses that any one of the three beneficiaries needs something that is required for their health, education, maintenance and support or if Debtor expires without having completely disposed of the trust. Accordingly, by virtue of the language used in the trust instrument, any fiduciary duty owed by Debtor to the other beneficiaries does not limit Debtor's ability to completely dispose of the trust.

## CONCLUSION

Upon a de novo review of the Bankruptcy Court's grant of summary judgment, this court finds the plain language of Family Trust clear, unambiguous, and intended to give the Debtor, as trustee and beneficiary of the Trust, unbridled access to the corpus of the Trust. As a result, there is sufficient evidence in the record such that no reasonable finder of fact could find that the Debtor a trustee of a spendthrift trust. Accordingly, the Family Trust property properly belongs to the bankruptcy estate and the decision of Bankruptcy Court is affirmed.

ENTER:

*[signature: James F. Holderman]*

JAMES F. HOLDERMAN
United States District Judge

DATE: July 19, 2002

13